UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| B.A.G., by and through her next friend BETTY JEAN GREER, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Case No. 4:12CV01617 AGF |
| JEFFREY MORRIS, ENTRÉE GREEN, and EUGENE BICKLEY, | | |
| Defendants. | | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendants Jeffrey Morris and Eugene Bickley for judgment on the pleadings on Counts IV, V, and VI of Plaintiff B.A.G.'s complaint for failure to state a claim, and on Plaintiff's motion for leave to file a first amended complaint. For the reasons set forth below, the motion for leave shall be denied and the motion for judgment on the pleadings shall be granted in part and denied in part.

## **BACKGROUND**

Plaintiff alleges in her six-count complaint filed on September 10, 2012, that in September 2010, while she was a student at Jennings High School, in Jennings, Missouri, she was raped at the school by Defendant Entrée Green, a student and part-time custodian there. She further alleges that upon hearing about the assault from another student, school officials took Plaintiff to the principal's office where they held her against her will

and where "a school resource officer and other school officials" interrogated her for over six hours without notifying her parents. The school officials asked Plaintiff to write a statement and then "demanded that she rewrite the statement because the first one was not specific enough." Plaintiff was suspended from school for ten days for having sex with a staff member.

Counts I, II, and III of the complaint are against Green based on the assault.[1] Counts IV and VI are against Morris (the school principal) and Bickley (a school official), respectively, under 42 U.S.C. § 1983 for "violation of due process rights and Miranda warning" by interrogating Plaintiff for over six hours without contacting Plaintiff's parents, "knowing that the statements proffered by Plaintiff were clearly collected for law enforcement or solely school purposes." Count V asserts a claim against Morris for negligent failure to supervise. Plaintiff alleges in this count that Green had a history of sexual contact with a Jennings High School student, and that "[a]ccording to police records," Morris knew or should have known of Green's sexual history, but failed to take any corrective, supervisory actions, and that this was the cause of Plaintiff's injuries resulting from the rape.

The complaint states that all three Defendants were acting in their individual capacities when they engaged in the alleged misconduct. Plaintiff seeks monetary relief, including punitive damages, from each Defendant.

On January 24, 2013, the Court issued an Order ordering Plaintiff to show cause

---

[1] Count I asserts a due process claim under 42 U.S.C. § 1983 for interference with bodily integrity; Count II is a state law claim for assault and battery; and Count III is a state law claim for intentional infliction of emotional distress.

within 14 days why the claims against Green should not be dismissed for failure to serve him in the 120 day time period allowed by the Federal Rules of Civil Procedure. Plaintiff did not respond. As the record did not reflect either service on Green or a showing of good cause for failure to do so, this Court dismissed Plaintiff's claims against Green for Plaintiff's failure to effect service upon him on June 14, 2013, more than nine months after the Complaint was filed.

At the Rule 16 scheduling conference held on September 4, 2013, Morris's and Bickley's counsel advised the Court and Plaintiff's counsel that these Defendants intended to file a dispositive motion due to the inadequacy of the complaint. On September 5, 2013, the Court issued the Case Management Order ("CMO"), which required that all motions for joinder of additional parties or amendment of pleadings be filed no later than September 13, 2013. The CMO also required the parties to submit Rule 26 disclosures by September 18, 2013.

On September 17, 2013, Morris and Bickley filed the motion now under consideration for judgment on the pleadings. They argue that Counts IV and VI do not state a claim for violation of Plaintiff's right against self-incrimination ("Miranda rights") because Morris and Bickley were not law enforcement officials and Plaintiff did not allege that she was subject to a criminal investigation. Morris and Bickley further argue that these counts do not state a due process violation because the conduct alleged does not, as a matter of law, meet the "shocks the conscience" standard for such a claim. Alternatively, they argue that they are entitled to qualified immunity on Counts IV and VI because a reasonable official would not believe the conduct alleged by Plaintiff

violated her rights, or that such rights were "clearly established."

With respect to Count V, Morris argues that Plaintiff did not name him in his individual capacity, and thus the claim against him for negligent supervision is to be considered a claim against the School District and as such is barred by sovereign immunity. Plaintiff did not respond to the motion for judgment on the pleadings, but rather on October 17, 2013, filed the present motion for leave to file an amended complaint. Plaintiff seeks to rename Green as a defendant and to add three new parties as defendants: the Jennings School District, David Fox (the Dean of Students-Interim Principal at the school), and Vanessa Meads (Guidance Counselor at the school).

In the proposed amended complaint, Plaintiff reasserts the factual allegations in the initial complaint, adding that Meads was the individual who took Plaintiff to the principal's office and who questioned her about the rape in front of other students and Green; that during the interrogation, the school officials brought in a detective; and that Fox was the individual who decided to suspend Plaintiff and who told Plaintiff's grandmother about the suspension. The first six counts of the proposed amended complaint are essentially the same as the six counts in the initial complaint, with the addition in Count V of a negligent hiring claim against Morris for failure to conduct a background check on Green which would have revealed his police record as a violent sexual predator.

Counts VII and VIII of the proposed amended complaint are against Meads for violation of Plaintiff's privacy rights and for violation of the school's disciplinary procedures; Counts IX and X are against Fox for depriving Plaintiff of her procedural due

process right to a disciplinary hearing and for negligent supervision in light of Green's police record as a violent sexual predator; Count XI is against the School District for the negligent hiring of Green; and Count XII purports to state a claim against the Jennings School Board for the negligent hiring of Green and negligent oversight of the Student/Janitor Program. The proposed amended complaint states that Morris, Bickley, and all the individuals sought to be added as defendants acted in their official and individual capacities. Plaintiff offers no explanation as to the untimeliness of the motion for leave to file an amended complaint and join new parties.

In opposition to Plaintiff's motion for leave to amend, Morris and Bickley argue that granting the motion would unduly prejudice them by delaying this litigation. They note that the motion is untimely and that Plaintiff offered no reason for failing to comply with the CMO. They also argue that granting Plaintiff leave to amend with respect to the claims against them would be futile because the proposed amended complaint does not cure the deficiencies in those claims as set forth in the initial complaint.

In her reply, Plaintiff notes her motion for leave to amend was filed only 33 days after the deadline in the CMO for doing so, and that delay in seeking to amend, alone, is an insufficient justification to deny leave; prejudice to the nonmovant must also be shown. She states that "the information provided by [Morris and Bickley] pursuant to the Rule 26 disclosure revealed that there were additional defendants, particularly the school board staff, who created [the] student janitor program at the center of this dispute." Plaintiff does not address her attempt to reintroduce Green as a defendant, other than to

say that she "could initiate separate actions against the additional defendants. However, it would be a waste of resources to litigate two cases separately."

## DISCUSSION

### Plaintiff's Motion for Leave to File Amended Complaint

After the filing of a responsive pleading, a party may amend her pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a). However, when a party moves for leave to amend outside the Court's scheduling order, Rule 16(b), not the more liberal standard of Rule 15(a), governs and requires the party to show good cause to modify the schedule. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Application of the good-cause standard is not optional, and "[w]hile the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, a court does not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* at 716-17. Here, Plaintiff has not shown "good cause" for failing to comply with the Court's CMO. Plaintiff does not identify what new information Defendant's Rule 26 disclosures provided that was not known to Plaintiff when she filed her initial complaint and the new facts added to the proposed amended complaint were generally matters Plaintiff should have known. On this basis, the Court will deny the motion to amend. *See, e.g., Martinez v. U.S. Bank*, No. C12-0077, 2013

say that she "could initiate separate actions against the additional defendants. However, it would be a waste of resources to litigate two cases separately."

## DISCUSSION

### Plaintiff's Motion for Leave to File Amended Complaint

After the filing of a responsive pleading, a party may amend her pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a). However, when a party moves for leave to amend outside the Court's scheduling order, Rule 16(b), not the more liberal standard of Rule 15(a), governs and requires the party to show good cause to modify the schedule. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Application of the good-cause standard is not optional, and "[w]hile the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, a court does not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* at 716-17. Here, Plaintiff has not shown "good cause" for failing to comply with the Court's CMO. Plaintiff does not identify what new information Defendant's Rule 26 disclosures provided that was not known to Plaintiff when she filed her initial complaint and the new facts added to the proposed amended complaint were generally matters Plaintiff should have known. On this basis, the Court will deny the motion to amend. *See, e.g., Martinez v. U.S. Bank*, No. C12-0077, 2013

WL 5565502, at *2 (N.D. Iowa Oct. 8, 2013).

Further, Plaintiff provided no basis for her attempt to re-name Green as a Defendant after this Court's dismissal for failure to serve Green. Plaintiff was given more than nine months to serve Green before he was dismissed from the suit, and Plaintiff has not shown any justification for reviving the claim in this Court after ignoring this Court's Orders regarding the need to effect service of process.

**Defendants Morris and Binkley's Motion for Judgment on the Pleadings on Counts IV, V, and VI**

The defense of failure to state a claim upon which relief can be granted may be raised by a motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (citation omitted). This standard "simply calls for enough

fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556.

With respect to Counts IV and VI, to establish a due process violation against school officials, "a plaintiff must demonstrate *both* that the official's conduct was conscience-shocking, *and* that the official violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Schmidt v. Des Moines Public Schs*., 655 F.3d 811, 816 (8th Cir. 2011); *see also C.N. v. Willmar Pub. Sch*., 591 F.3d 624, 634 (8th Cir. 2010) (holding that allegations of physical abuse by school personnel against a special education student did not state a due process claim). Here the Court concludes as a matter of law that questioning Plaintiff for six hours without the presence of a parent does not "shock the conscience" within the meaning of the case law.

The assertion in these counts that Plaintiff's "Miranda rights" were violated by the interrogation also fails as a matter of law. Under *Miranda v. Arizona*, 384 U.S. 436 (1966), the constitutional privilege against self-incrimination requires law enforcement to advise a suspect who has been taken into custody of their right to remain silent. Because Plaintiff has not alleged that she was a criminal suspect, or that Morris or Binkley acted in the capacity of law enforcement officials, Plaintiff has not plead sufficient facts to establish that she had Miranda rights at the time she was interviewed, or that such rights were violated. Thus, Counts IV and VI of the complaint will be dismissed for failure to state a claim on which relief may be granted.

Count V of the initial complaint asserts a state tort claim against Morris for negligent failure to supervise Green. Morris incorrectly states that Plaintiff did not name him in his individual capacity. Thus Morris's argument for dismissal of this Count based on sovereign immunity is misplaced.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file an amended complaint is **DENIED**. (Doc. No. 12.)

**IT IS FURTHER ORDERED** that Defendants Morris and Binkley's motion for judgment on the pleadings is **GRANTED** as to Counts IV and VI and **DENIED** as to Count V. (Doc. No. 19.)

**IT IS FURTHER ORDERED** that the stay of proceeding related to the motion for summary judgment filed by Defendants Morris and Bickley on May 2, 2014, is lifted. Plaintiff shall have 14 days from the date of this Memorandum and Order to respond to the motion.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2014.