UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| B.A.G., by and through her next friend BETTY JEAN GREER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:12CV01617 AGF |
| JEFFREY MORRIS, ENTRÉE GREEN, and EUGENE BICKLEY, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant Jeffrey Morris for summary judgment on the only claim remaining in this case, Count V of Plaintiff's complaint. For the reasons set forth below, Defendant's motion shall be **GRANTED**.

## BACKGROUND

This lawsuit arises from Plaintiff's allegation that in September 2010, while Plaintiff was a student at Jennings High School, in Jennings, Missouri, she was raped at the school by Entrée Green, a student and part-time custodian there. Plaintiff brought claims against Green based on the assault, and against Jeffrey Morris (the school principal) and Eugene Bickley (a school resource officer) for their actions in investigating the incident and in supervising Green. The Court dismissed Plaintiff's three claims against Green for failure to effect service upon Green. (Doc. No. 14.) The Court also granted judgment on the pleadings in favor of Morris and Bickley on two more of Plaintiff's claims, which alleged due process violations under 42 U.S.C. § 1983. (Doc. No. 42.)

However, the Court denied judgment on the pleadings with respect to Count V, Plaintiff's claim against Morris for negligently failing to supervise Green. In Count V, Plaintiff alleges that Green had a history of sexual contact with a Jennings High School student, and that "[a]ccording to police records," Morris knew or should have known of Green's sexual history, but failed to take any corrective or supervisory actions, and that this was the cause of Plaintiff's injuries resulting from the rape. The complaint alleges that Morris was acting in his individual capacity when he engaged in the alleged misconduct. Plaintiff seeks monetary relief, including punitive damages, from Morris.

In his motion for judgment on the pleadings, Morris incorrectly stated that Plaintiff did not name him in his individual capacity, and argued that the claim was therefore deemed to be against the school district and was barred by sovereign immunity. The Court rejected that argument and held that the complaint did name Morris in his individual capacity. (Doc. No. 42 at 9.)

Before the Court issued its ruling on the motion for judgment on the pleadings, Defendants Morris and Bickley filed this motion for summary judgment on Counts IV, V, and VI, and the parties completed briefing on the motion. The Court's ruling granting partial judgment on the pleadings narrowed Plaintiff's complaint to one count, Count V, and one defendant, Morris. The Court thus permitted Morris to file a supplemental memorandum to the motion for summary judgment. (Docs. No. 43, 44.) In his supplemental memorandum, Morris argues that he is immune from liability on Count V under the doctrine of official immunity and under the Paul D. Coverdell Teacher Protection Act of 2001 ("Coverdell Act"), 20 U.S.C. § 6731, et al. Morris also argues

that Count V's negligent supervision claim fails on the merits because the undisputed facts do not establish that Morris knew or should have known of a need to exercise control over Green to prevent harm to Plaintiff.

The Court provided Plaintiff an additional 14 days, up to and including July 21, 2014, to file a response to the motion for summary judgment as supplemented. (Doc. No. 44.) Plaintiff never filed a response to the supplemental memorandum. However, Plaintiff's initial response in opposition to summary judgment argued that the shield of immunity does not protect Morris in this case and that genuine issues of material fact regarding whether Morris knew or should have known of a need to take supervisory action with respect to Green preclude the entry of summary judgment on Count V. On August 1, 2014, the Court took the motion for summary judgment under submission. (Doc. No. 45.)

## **DISCUSSION**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences must be construed in favor of the nonmoving party. However, "[o]n a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (citation omitted). "The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific

facts showing that there is a genuine issue for trial." *Briscoe v. Cnty. of St. Louis, Mo.*, 690 F.3d 1004, 1011(8th Cir. 2012) (citation omitted).

"Missouri has long-applied the doctrine of official immunity . . . [to] protect[] public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Southers v. City of Farmington, Mo.*, 263 S.W.3d 603, 610 (Mo. 2008); *see also Hutson v. Walker*, 688 F.3d 477, 485 (8th Cir. 2012). "The official immunity doctrine, however, does not provide public employees immunity for torts committed when acting in a ministerial capacity." *Southers*, 263 S.W.3d at 610.

"Whether an act can be characterized as discretionary depends on the degree of reason and judgment required." *Id.* "A discretionary act requires the exercise of reason in the adaptation of means to an end and discretion in determining how or whether an act should be done or course pursued." *Id.* "A ministerial function, in contrast, is one of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." *Id.* (citation omitted). "This reference to the 'mandate of legal authority' is a reference to a duty imposed by statute or regulation." *Boever v. Special Sch. Dist.*, 296 S.W.3d 487, 492 (Mo. Ct. App. 2009). "In addition, in order to prescribe a ministerial duty, the statute or regulation must be mandatory and not merely directory" and "must mandate a ministerial, not a discretionary, action." *Id.* Even a discretionary act, however, will not be protected by official immunity if it is "done in bad faith or with malice," meaning with

"actual intent to cause injury." *Davis v. Board of Educ.*, 963 S.W.2d 679, 688-89 (Mo. Ct. App. 1998).

There is no dispute that Morris, a public school principal, is a public employee subject to official immunity. *See, e.g., Boever*, 296 S.W.3d at 492 (applying official immunity doctrine to dismiss wrongful death claims against public school teacher and classroom aides for failing to supervise child while he had access to food); *Nine v. Wentzville R-IV Sch. Dist.*, No. 4:11-CV-353 (CEJ), 2011 WL 2564767, at *2 (E.D. Mo. June 28, 2011) (holding that official immunity doctrine barred student's negligent supervision claim against school principal for allegedly ignoring parental complaints about teacher's inappropriate conduct).

The Court finds that the doctrine of official immunity forecloses liability against Morris because Morris' actions (or inaction) in this case were discretionary, not ministerial. Plaintiff does not allege the existence of a mandatory statute or regulation requiring Morris to take corrective or supervisory action regarding Green. Rather, Plaintiff alleges that action was required because "Morris knew or should have known of the sexual history of Defendant Entrée Green." (Doc. No. 1 at 6.) But the determination of whether to take action with respect to an employee in such circumstances is inherently discretionary. *See Hutson*, 688 F.3d at 486 ("The general supervision of [employees] require[s] the exercise of reason and professional judgment, both of which are inherently discretionary" for purposes of official immunity.) (citation omitted); *K.B. v. Waddle*, No. 13-3000, ___ F.3d ___, 2014 WL 4085844, at *3 (8th Cir. Aug. 20, 2014) (holding that juvenile officers and school resource officer were entitled to official immunity on

negligence claim for failure to report threat of abuse because duty to report arose only if there was "reasonable cause to suspect" abuse, and a determination of reasonable cause "require[d] an exercise of discretion and personal judgment"); *A.R.K. v. Storz*, No. 4:13-CV-1653 (CEJ), 2013 WL 6636128, at *3 (E.D. Mo. Dec. 17, 2013) (denying as futile proposed amended claim against school officials in individual capacity because decision to report child abuse was discretionary exercise of judgment, protected by doctrine of official immunity). Because the alleged duty Plaintiff assigns to Morris required the exercise of discretion, Morris is entitled to official immunity. And Plaintiff has not alleged or demonstrated any bad faith or malicious intent on the part of Morris in order to overcome the defense of immunity. Morris is thus entitled to summary judgment on Count V.

Having determined that the doctrine of official immunity protects Morris from liability, it is unnecessary to decide whether the Coverdell Act also applies.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant Morris' motion for summary judgment, now relating solely to Count V, is **GRANTED**. (Doc. No. 31.)

All claims against all parties having been resolved, a separate Judgment shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2014.